Jon A. Birmingham (Cal. Bar No. 271034)
jbirmi@fitcheven.com
David M. Kogan (Cal. Bar No. 231383)
dkogan@fitcheven.com
Fitch, Even, Tabin & Flannery LLP
21700 Oxnard Street, Suite 1740
Woodland Hills, California 91367
Telephone:   (818) 715-7025
Facsimile:    (818) 715-7033

Attorneys for Plaintiff,
BELAVA, LLC

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELAVA, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>TNG WORLDWIDE, INC., a Michigan Corporation, d/b/a THE INDUSTRY SOURCE, and d/b/a BEBEAUTIFUL,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR (1) PATENT INFRINGEMENT, (2) TRADE DRESS INFRINGEMENT AND FEDERAL UNFAIR COMPETITION, AND (3) STATE UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff Belava, LLC ("Belava") brings this suit for design patent infringement, federal trade dress infringement and federal and state unfair competition against TNG Worldwide, Inc., d/b/a The Industry Source and d/b/a Bebeautiful ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. This Court has personal jurisdiction over the Defendant because, among other things, the Defendant conducts and solicit business in this jurisdiction and, on information and belief, are residents of this jurisdiction and have committed at least some of the conduct discussed herein in this district.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise the claims herein occurred in this district.

## THE PARTIES

4. Belava is a California Limited Liability Company with its principal place of business at 21500 Blythe Street, Canoga Park, CA 91304.

5. Upon information and belief, TNG Worldwide, Inc. is a Michigan Corporation with a place of business at 29683 W K Smith Drive, New Hudson MI 48165.

6. Upon information and belief, The Industry Source is an assumed name registered by TNG Worldwide.

7. Upon information and belief, Bebeautiful is an assumed name registered by TNG Worldwide.

## FACTUAL ALLEGATIONS

## THE NATURE OF THIS ACTION

8. In 2004, Belava introduced its distinctive and innovative plastic tubs and disposable liners for use during pedicures. Over the past 10 years, Belava has manufactured, marketed, and sold its soaking tubs and disposable liners both in combination and separately as an elegantly designed product line with a distinctive and unmistakable look that consumers have come to associate with the Belava name.

9. On April 19, 2005, United States Patent No. D504,178 S entitled "Combined Soaking Basin and Disposable Liner" was duly and lawfully issued (hereinafter, "the '178 patent"). A copy of the '178 patent is attached as Exhibit 1 hereto.

10. Belava is the owner of all right, title, and interest in and to the '178 patent.

11. Belava's patented designs have been the subject of emulation by the Defendant, who has attempted to capitalize of Belava's success by imitating Belava's distinctive product designs.

12. The Defendant has purchased disposable liners from Belava and continues to offer Belava's patented disposable liners for sale on its websites. Instead of pursuing independent product development or only selling disposable liners purchases from Belava, the Defendant has chosen to copy Belava's distinctive product designs in violation of Belava's valuable intellectual property rights. Upon information and believe, the Defendant used disposable liners purchased from Belava in order to copy Belava's distinctive and patented product design.

13. Upon information and belief, TNG Worldwide is a beauty product manufacturing and distributing company located in New Hudson, Michigan and operates under the assumed names The Industry Source and Bebeautiful. The Industry Source sells products at least through an Internet website accessible via the domain name theindustrysource.com. Bebeautiful sells products at least through an Internet website accessible via the domain name bebeautiful.com.

14. The Defendant has manufactured, offered for sale, sold, used, and/or imported disposable liners embodying the patented designs of the '178 patent.

15. Upon information and belief, the Defendant has manufactured and/or continues to manufacture the infringing disposable liners, sold and/or continues to sell its infringing disposable liners using the Defendant's website, and has distributed and/or continues to distribute the infringing liners to business entities selling on other websites.

16. The Defendant's website theindustrysource.com, copies of select pages of which are attached as Exhibit 2, sells Belava's patented disposable liners and the infringing disposable liners manufactured by the Defendant. Similarly, the Defendant's website bebeautiful.com, copies of select pages of which are attached as Exhibit 3, sells Belava's patented disposable liners and the infringing disposable liners manufactured by the Defendant.

17. In addition to offering products that infringe the '178 patent for sale on its websites such as theindustrysource.com and bebeautiful.com, the Defendant has sold and/or continues to sell its infringing tubs and/or disposable liners at least on amazon.com. Images of examples of the infringing liners being offered for sale by the Defendant on amazon.com are attached as Exhibit 4.

18. The digital images used by the Defendant to depict the Defendant's infringing liners on theindustrysource.com, bebeautiful.com, and/or amazon.com are causing actual consumer confusion as to the origin of the disposable liners being sold by the Defendant.

19. The Defendant was advised of its infringing activities in cease-and-desist letters dated January 22, 2015, February 4, 2015, and February 9, 2015, but has continued its infringing activities.

20. By this action, Belava seeks to put a stop to the Defendant's illegal conduct and obtain compensation for the infringement.

## FIRST CAUSE OF ACTION
## PATENT INFRINGEMENT (35 U.S.C. 101 et seq.)

21. Belava repeats and realleges paragraphs 1-20 of this Complaint as if fully set forth herein.

22. The Defendant has infringed and/or continues to infringe the '178 patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more disposable liners for pedicure tubs, including those identified in this Complaint.

23. The Defendant's infringing activities violate 35 U.S.C. § 271.

24. The Defendant has profited from its infringing activities.

25. As a result of the Defendant's conduct, Belava has been substantially harmed, suffered actual damages, lost profits, and has been forced to retain legal counsel and pay attorneys' fees and costs associated with bringing this action to enforce its rights.

## SECOND CAUSE OF ACTION
## LANHAM ACT TRADE DRESS INFRINGEMENT AND
## FEDERAL UNFAIR COMPETITION
## (Lanham Act Section 43(a), U.S.C. § 1125(a) *et seq.*)

26. Belava repeats and realleges paragraphs 1-25 of this Complaint as if fully set forth herein.

27. Belava is the owner of all right and title to its distinctive pedicure tubs and disposable liners. The Belava Pedicure Liner Trade Dress, as embodied in its distinctive and elegant disposable liners, is illustrated in detail in the '178 patent, includes non-functional elements constituting the distinctive appearance of Belava's Pedicure Liner Trade Dress such as a liner of a specific shape including side walls and a flange surrounding the opening of the liner and including handles and including a corner lift tab. Belava's Pedicure Liner Trade Dress has acquired secondary meaning among the

consumers. Specifically, based on Belava's extensive and consistent advertising, promotion and sales throughout the United States, the Belava Pedicure Liner Trade Dress has acquired distinctiveness due to its non-functional distinctive appearance and enjoys secondary meaning among consumers, identifying Belava as the source of these products.

28. Belava's extensive promotion of the distinctive Belava Pedicure Liner Trade Dress has resulted in Belava's acquisition of valuable, legally protected rights in the Belava Pedicure Liner Trade Dress as well as considerable customer goodwill.

29. The Defendant's disposable liner has misappropriated the Belava Pedicure Liner Trade Dress by mimicking a combination of several elements of that trade dress. The Defendant's manufacture and distribution of its disposable liners with product design, and features that mimic a combination of several elements of the Belava Pedicure Liner Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of the Defendant with Belava, or as to the origin, sponsorship, or approval by Belava of the Defendant's goods, services or commercial activities when no such association, sponsorship, or approval exists.

30. The Defendant's manufacture and distribution of its disposable liner products with packaging, product design and features that mimic a combination of several elements of the Belava's Pedicure Liner Trade Dress enables the Defendant to benefit unfairly from Belava's reputation and success, thereby giving the Defendant's infringing products sales a commercial value they would not have otherwise.

31. The Defendant's actions constitute unfair competition and false designation or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

32. Belava is informed and believes, and on that basis alleges, that the Defendant is manufacturing, marketing, advertising, promoting, distributing, and/or selling goods in commerce using direct copies of Belava's patented disposable liner without authority or license from Belava, combined with the express or implied representation that such use originated with, is associated with, or is endorsed or approved by Belava, constitutes

unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

33. Upon information and belief, the Defendant knew of Belava's Pedicure Liner Trade Dress when the Defendant manufactured its line of infringing disposable liners by copying Belava's patented product. In addition, the Defendant has refused to change its product design in response to Belava's cease-and-desist letters. Accordingly, the Defendant's infringement has been and continues to be intentional, willful and without regard to Belava's protected Pedicure Liner Trade Dress.

34. Belava has been and will continue to be irreparably harmed and damaged by the Defendant's conduct, and Belava lacks an adequate remedy at law to compensate for this harm and damage.

35. Belava is informed and believes, and on that basis alleges, that the Defendant has gained profits by virtue of its infringement of the Belava Pedicure Liner Trade Dress.

36. Belava also has sustained damages as a direct and proximate result of the Defendant's infringement of the Belava Pedicure Liner Trade Dress in an amount to be proven at trial.

37. Because the Defendant's actions have been willful, Belava is entitled to treble its actual damages or the Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION UNDER CALIFORNIA LAW
### (California Business and Professions Code 17200 et seq.)

38. Belava repeats and realleges paragraphs 1-37 of this Complaint as if fully set forth herein.

39. The acts of the Defendant described above constitute unlawful, unfair or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading business practices as defined by California Business & Professions Code § 17200, *et seq.*

40.     Belava has created innovative disposable liners that are protected by the '178 patent.  In addition, Belava has protectable prior rights in the Belava Pedicure Liner Trade Dress which serves to distinctively identify Belava as the source of the pedicure disposable liner products protected by the '178 patent.  Belava Pedicure Liner Trade Dress is inherently distinctive and, through Belava's long use, has come to be associated solely with Belava as the source of the pedicure disposable liner products in association with which the Belava Pedicure Liner Trade Dress is used.

41.     The Defendant's use of its infringing trade dress is likely to cause confusion as to the source of the Defendant's products and is likely to cause others to be confused or mistaken into believing that there is a relationship between the Defendant and Belava or that the Defendant's products are affiliated with or sponsored by Belava when no such relationship, affiliation, or sponsorship exists.

42.     The above-described acts and practices by the Defendant are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq*.  The above-described acts by the Defendant further constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq*.

43.     The Defendant has acted willfully and intentionally in designing its infringing trade dress, with full knowledge of Belava's prior rights in the distinctive Belava Pedicure Liner Trade Dress, and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between the Defendant and Belava or between the Defendant's products and Belava's products when no such affiliation exists.

44.     The unlawful and fraudulent business practices of the Defendant described above present a continuing threat and is meant to deceive members of, the public in that

the Defendant continues to promote its products by wrongfully trading on the goodwill of the Belava Pedicure Liner Trade Dress and/or the Belava name.  As a direct and proximate result of these acts, the Defendant has received, and will continue to profit from, the strength of the Belava Pedicure Liner Trade Dress.

45.   As a direct and proximate result of the Defendant's wrongful conduct, Belava has been injured in fact and has lost money and profits, and such harm will continue unless the Defendant's acts are enjoined by the Court.  Belava has no adequate remedy at law for the Defendant's continuing violation of Belava's rights.

46.   The Defendant should be required to restore to Belava any and all profits earned as a result of its unlawful and fraudulent actions, or provide Belava with any other restitutionary relief as the Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Belava prays for relief against the Defendant as follows:

1. A judgment that the Defendant has infringed the '178 patent;

2. An order and judgment preliminarily and permanently enjoining the Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the '178 patent including but not limited to making, using, selling, and/or marketing a pedicure disposable liner that infringes the '178 patent;

3. An order and judgment preliminarily and permanently enjoining the Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from using Belava's name and/or passing off the Defendant's products as being associated with and/or sponsored or affiliated with Belava; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Belava; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Belava;

4. An order that the Defendant shall destroy all advertising and goods that infringe the '178 patent and/or use Belava's name;

5. A judgment awarding Belava all damages adequate to compensate for the Defendant's infringement of the '178 patent, and in no event less than a reasonable royalty for the Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

6. A judgment awarding Belava all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

7. Actual damages suffered by Belava as a result of the Defendant's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8. Reasonable funds for future corrective advertising;

9. An accounting of the Defendant's profits from selling the products infringing the '178 patent pursuant to 15 U.S.C. § 1117;

10. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

11. Punitive damages pursuant to California Civil Code § 3294;

12. Restitutionary relief against the Defendant and in favor of Belava including disgorgement of wrongfully obtained profits and any other appropriate relief;

13. Costs of suit and reasonable attorneys' fees; and

14. Any other remedy to which Belava may be entitled, including all remedies provide for in U.S.C. § 1117, Cal. Bus. & Prof. Code§§ 17200, *et seq.,* 17500, *et seq.,* and under any other California law.

                                                FITCH, EVEN, TABIN & FLANNERY LLP

Dated: February 16, 2015              By: /s/ David M. Kogan
                                                     David M. Kogan
                                                     Attorney for Plaintiff
                                                     BELAVA, LLC

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Belava hereby demands a jury trial on all issues raised by the Complaint.

FITCH, EVEN, TABIN & FLANNERY LLP

Dated: February 16, 2015

By: /s/ David M. Kogan
    David M. Kogan
    Attorney for Plaintiff
    BELAVA, LLC